UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) |
| Plaintiff, | ) Civil Case No. 1:21-cv-00228-LMB-MSN |
| v. | ) |
| JOHN DOE subscriber assigned IP Address 100.36.115.18, | ) |
| Defendant. | ) |

**REPORT OF RULE 26(f) MEETING AND
PROPOSED DISCOVERY PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), plaintiff counsel attempted to confer with defense counsel but has not been able to reach him. Therefore this proposal is being filed by Plaintiff's counsel without defense counsel's input and submit the following report of their meeting for the court's consideration:

**1.     Discussion of Claims, Defenses and Relevant Issues**

**Plaintiff:** On May 25, 2021, Plaintiff filed itsAmended Complaint to permanently enjoin Defendant from directly infringing on Plaintiff's copyrighted works and for damages pursuant to 17 U.S.C. § 504(a) and (c). Plaintiff has alleged that Defendant used the BitTorrent file distribution network to infringe Plaintiff's copyrights. It is Plaintiff's position that Defendant is a persistent online infringer of Plaintiff's copyrights who copied and distributed forty-eight (48) separate movies owned by Plaintiff.

**Defendant:**

2. **Informal Disclosures**

The parties shall make required disclosures under Fed. R. Civ. P. 26(a) by **December 21, 2021**.

3. **Formal Discovery**

The parties currently intend to seek discovery with respect to all allegations contained in the Complaint and any amendments thereto, and in any Answer and Affirmative Defenses.

**Plaintiff:** To date, the only discovery conducted is the third-party subpoena served on the Defendant's ISP for the purpose of obtaining the Defendant's identity. Plaintiff intends to seek discovery with respect to all allegations contained in the Complaint and any amendments thereto, and in any Answer and Affirmative Defenses and/or Counterclaims filed by Defendant. In addition to the voluntary initial disclosures, Plaintiff intends to take Defendant's deposition, the deposition of persons identified by Defendant in his answers to interrogatories, Defendant's neighbors, and Defendant's Internet Service Provider.

**Defendant:**

    A. Proposed Discovery Plan:

       i. It is the parties position that discovery should not be conducted in phases.

      ii. Maximum of **30** Interrogatories by each party to the other party.

     iii. Maximum of **5** non-party, non-expert witness depositions to be taken by each party.

     iv. Motions to amend or to add parties will be filed by: **January 11, 2022**.

     v.    Dispositive motions to be served within **30** days of completion of discovery.

     vi.    Factual Discovery to be completed by: **July 14, 2022**.

     vii.    Expert Discovery to be completed by: **July 14, 2022**.

     viii.    Set forth any special discovery mechanism or procedure requested, including data preservation and protective orders: See Section 4 below.

**4.     Electronic Discovery**

The parties anticipate that their claims or defenses will involve extensive electronically stored information, and that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties acknowledge that they are required to preserve relevant electronically stored information. The parties agree that their preservation obligations arise independently in law and equity, and do not require the entry of any order preserving documents and things from destruction or alteration.

Plaintiff's position is that Defendant must preserve, and must immediately take efforts to prevent the destruction, expiration, deletion, overwriting, concealment, or modification (even if such data would otherwise expire, be deleted or overwritten, concealed, or modified in the normal course of business, including through the termination of user accounts) of Electronically Stored Information ("ESI") reasonably related to this litigation in Defendant's possession, custody, or control. This includes preservation of all the following:

a.     Defendant's laptops, desktops, tablets, mobile phones, external storage devices, portable hard drives, external hard drives, Network Attached Storage, USB (thumb) drives, and any other device which can be used to connect to the internet, download media files, or store electronic data (collectively, "Hard Drives"). Defendant can achieve preservation by retaining an

expert to create forensically sound images of Defendant's Hard Drives or not engaging in any of the following activities: (1) deleting any data within any of Defendant's Hard Drives; (2) using data shredding, overwriting, or wiping applications; (3) defragmenting any Hard Drives; (4) re-imaging or replacing drives; (5) compressing a Hard Drive; (6) deleting internet cookies; (7) deleting browser history and favorites; (8) running any "disk clean-up" processes; (9) installing and uninstalling software on any Hard Drive; (10) updating an operating system on any Hard Drive; and/or (11) taking any actions inconsistent with Defendant's preservation obligations for electronically stored information or computer Hard Drives;

      b.      All contents of any third party cloud storage service such as Amazon Cloud Drive, Apple iCloud, DropBox, Google Drive, MediaFire, Mega, Microsoft SkyDrive, OneDrive, SpiderOak, and Ubuntu One; and

      c.      Defendant's modem and router used in his home during the period of recorded infringement.

      d.      All emails, notifications, or correspondence from Defendant's Internet Service Provider ("ISP") to Defendant under any copyright infringement notification system implemented.

      e.      All emails, notifications, or correspondence from Defendant's Internet Service Provider to Defendant regarding a DMCA notice.

In discovery, Plaintiff will be requesting complete forensically sound copies of Defendant's Hard Drives. Plaintiff's position is that the forensically sound images should be created by a computer professional or Plaintiff's expert and produced in RAW image format. It is Plaintiff's position that Defendant is responsible for the cost of duplicating the Hard Drives. Plaintiff agrees to pay the cost of Hard Drive examination. If examination of Defendant's Hard Drives reveal evidence of spoliation, examination may further include the restoration or recovery

of deleted files or fragments. Nothing in this plan precludes Plaintiff from an award of costs should it succeed at trial.

It is Plaintiff's position that Defendant should not turn on, use, or alter his computer hard drives until after a forensically sound image of each Hard Drive has been created by a computer professional and subsequently verified by Plaintiff's expert. This prohibition should include, but is not limited to, deleting any electronically stored information; utilizing such procedures as de-fragmenting computer hard drives, deleting internet cookies, deleting browser history and favorites, running any "disk clean-up" processes; and/or taking any actions inconsistent with Defendant's preservation obligations for electronically stored information or computer hard drives.

Plaintiff will be producing: (a) PCAPs; (b) .torrent files; (c) infringed copy of each Work; (d) control copy of each Works; (e) Infringement log files; and (f) Additional Evidence of Third-Party downloads. The PCAPs, .torrent files, infringed copies, and control copies will be produced in their native format and sent to defense counsel on a USB drive. All other documents will be produced in readable form, either in excel (.xls) or PDF form.

**Defendant**:

5. **Claw Back Provision**

The parties agree to the following claw back provision: In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned or destroyed. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return or destroy all copies of

the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned or destroyed document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**6.     Early Settlement Discussions**

The parties believe this case will be suitable for the following forms of Alternative Dispute Resolution (ADR):

- Mediation

**7.     Trial Date**

Plaintiff has requested a jury trial in its Complaint and anticipates that the length of the trial will be three (3) days. The parties anticipate this case will be ready for trial in **October 21, 2022**.

**8.     Other Matters**

None

Dated: November 16, 2021

Respectfully Submitted,

| | |
|---|---|
| /s/ *Dawn M. Sciarrino* | By: /s/ |
| Dawn M. Sciarrino, Esq. | Jason Jin Huh |
| Va. Bar No. 34149 | Law Office of Jason J. Huh PLLC |
| Attorney for Strike 3 Holdings, LLC | 7700 Leesburg Pike |
| The James Law Firm PLLC. | Suite 119 |
| 445 Hamilton Ave. Suite 1102 | Falls Church, VA 22043 |
| White Plains, New York 10601 | 703-914-1155 |
| T: 202-256-9551 | Fax: 703-914-4664 |
| F: 202-217-3929 | Email: attorneyhuh24@gmail.com |
| E-mail: dsciarrino@jmjameslaw.com | Counsel for Defendant John Doe |